**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 05-243** |
| **DANELLE HALL** | **SECTION: I/4** |

<u>ORDER AND REASONS</u>

Before this Court is the motion of defendant, Danelle Hall ("Hall"), to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Hall's motion is **DENIED** and **DISMISSED WITH PREJUDICE**.

*BACKGROUND*

On December 8, 2006, Hall pled guilty to a superseding bill of information, charging Hall with three counts of distribution of five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and charging Hall with having a prior felony drug conviction pursuant to 21 U.S.C. § 851.[1] With respect to his prior conviction, the bill alleged that on December 6, 1994, Hall pled guilty in Louisiana state court to possession of cocaine and that he was sentenced to a term of two years.[2]

Pursuant to a plea agreement, Hall expressly agreed to waive

---

[1] Rec. Doc. No. 278; Rec. Doc. No. 276 at 1-2.

[2] *Id.*

his right to appeal his conviction and/or sentence[3] except in the event that the sentence exceeds the statutory maximum.[4] Hall also agreed to waive his right to challenge his conviction in any collateral proceeding, including challenges under 28 U.S.C. § 2255.[5] The plea agreement, which Hall signed, contains the following language:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his conviction or his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his conviction or his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum.[6]

During a March 8, 2007, sentencing hearing, Hall objected to the mandatory minimum sentence imposed by his prior felony drug conviction.[7] Hall argued that his prior conviction did not justify a § 851 enhancement because his two-year sentence was suspended and he only served a term of probation, not a term of

---

[3] At Hall's re-arraignment hearing, the Court confirmed that Hall was agreeing to waive his right with respect to both his conviction and his sentence despite the plea agreement's use of the word, "or." Rec. Doc. No. 457, pp. 18-19.

[4] Rec. Doc. No. 280, p. 2.

[5] *Id.*

[6] *Id.*

[7] Rec. Doc. No. 339, p. 6-9.

imprisonment.[8] The Court, however, rejected Hall's argument on the ground that the prior felony drug conviction justified the enhanced sentence regardless of whether Hall served a term of imprisonment.[9] The Court then sentenced Hall to the mandatory minimum 10-year term of imprisonment.[10]

In June, 2007, Hall's attorney sought leave to withdraw from representation and submitted an *Anders* brief to the United States Court of Appeals for the Fifth Circuit, stating that there were no non-frivolous grounds for appeal and that, notwithstanding Hall's objections, his prior conviction satisfied the definition of felony drug offense because it was punishable by more than one year of imprisonment.[11] On August 23, 2007, Hall submitted an appeal to the Fifth Circuit, arguing that his prior state court conviction could not justify an enhancement pursuant to 21 U.S.C. § 851.[12] Hall's counsel re-submitted his *Anders* brief pursuant to an order of the Fifth Circuit.[13] On April 16, 2008, the Fifth

---

[8] *Id.* Neither the superseding bill of information, to which Hall pled guilty, nor the factual basis, which Hall signed, state that his two-year sentence was suspended. Rec. Doc. No. 276; Rec. Doc. No. 281. Nonetheless, the Court noted Hall's correction, but determined that it did not affect his sentence due to the mandatory minimum sentence imposed by § 841(b)(1)(B). Rec. Doc. No. 339, p. 8.

[9] *Id.* at 8-9.

[10] *Id.* at 14.

[11] Rec. Doc. No. 455-2.

[12] Rec. Doc. No. 455-3.

[13] Rec. Doc. No. 455-5.

3

Circuit dismissed Hall's appeal as frivolous and granted his counsel leave to withdraw.[14]

In May, 2009, Hall filed this motion to vacate pursuant to 28 U.S.C. § 2255 alleging that: (1) his counsel failed to object to a § 851 sentence enhancement that "used a simple Possession [sic] charge to justify the enhancement," (2) his counsel failed to properly investigate the facts surrounding the § 851 enhancement, (3) the Court relied upon a misrepresentation of material facts during sentencing, and (4) his counsel failed to make any written objections to the pre-sentence investigation report.[15]

## *LAW AND ANALYSIS*

**I. OVERVIEW OF § 2255**

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2008); *see Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 470, 7 L. Ed. 2d 417 (1962). Section 2255 is designed

---

[14] Rec. Doc. No. 455-6.

[15] Rec. Doc. No. 449 at 4.

to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "[A] proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction...." *United States v. Hayman*, 342 U.S. 205, 222-23, 72 S. Ct. 263, 274, 96 L. Ed. 232 (1952). If the court determines that the prisoner is entitled to relief "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). "The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (*citing Andrews v. United States*, 373 U.S. 334, 339, 83 S. Ct. 1236, 1239, 10 L. Ed. 2d 383 (1963)). Pursuant to § 2255, the Court must grant defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

**II. STANDARD OF LAW**

The standard for judging the performance of counsel was established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674

5

(1984). In *Strickland*, the Court articulated a two-part test for evaluating ineffective assistance claims that requires a defendant to prove (1) deficient performance and (2) resulting prejudice. *Id.* at 692-93. The Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). In deciding ineffective assistance of counsel claims, the court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. *See Kimler*, 167 F.3d at 893.

A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' But it is not enough, under *Strickland* 'that the errors had some conceivable effect on the outcome of the proceeding.'" *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 693).

In *Hill v. Lockhart*, the United States Supreme Court held that the two-part *Strickland* standard was applicable to challenges to guilty pleas based on ineffective assistance of

counsel. 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). With respect to the prejudice prong of *Strickland*, defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (quoting *Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370).

### III. WAIVER OF § 2255 RIGHTS

As previously stated, Hall agreed to waive his right to seek collateral review as part of his plea bargain.[16] Specifically, Hall waived the right "to appeal his conviction or his sentence on any ground,...in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255."[17] Hall reserved only the right to appeal a sentence imposed in excess of the statutory maximum.[18]

The Fifth Circuit has held that a defendant may waive his right to post-conviction relief pursuant to 28 U.S.C. § 2255 if the waiver was knowing and voluntary. *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002)(citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)); *see also United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000).

---

[16] Rec. Doc. No. 280 at 2.

[17] *Id.*

[18] *Id.*

A claim for ineffective assistance of counsel may survive a waiver "when the claimed assistance directly affected the validity of that waiver or the plea itself." 307 F.3d at 343.[19] A claim of ineffective assistance of counsel at any other stage, such as sentencing, cannot overcome a knowing and voluntary plea or waiver. *Id.* at 341-43; *United States v. McCray*, No. 07-194, 2009 WL 1380304, at *4 (E.D. La. May 13, 2009)(Barbier, J.); *United States v. James*, No. 05-059, 2007 WL 2323385, at *6 (E.D. La. Aug. 10, 2007)(Vance, J.)("If a petitioner cannot establish that ineffective assistance of counsel rendered his plea unknowing or involuntary, then his waiver bars him from challenging other stages of the proceedings against him."). Therefore, as long as the plea and the waiver, itself, were knowing and voluntary and the contested issue is the proper subject of waiver, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." *White*, 307 F.3d at 343-44.

For the waiver to be knowing and voluntary, the defendant must know that he had a right to seek collateral review and that he was giving up that right. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994)(discussing waiver of appellate

---

[19]Additionally, a waiver cannot be enforced to bar review of a sentence that exceeds the statutory maximum or where the defendant correctly contends that the indictment clearly does not state an offense or where the factual basis for the plea agreement does not show that the defendant committed the offense. *White*, 307 F.3d at 341 n.2; *United States v. Hollins*, 97 Fed. App'x 477, 479 (5th Cir. 2004).

8

rights). For a guilty plea "[t]o be knowing and intelligent, the defendant must have 'a full understanding of what the plea connotes and of its consequences.'" *Hernandez*, 234 F.3d at 255. "The defendant need only understand the direct consequences of the plea; he need not be made aware [of] every consequence that, absent a plea of guilty, would not otherwise occur." *Id.; see also United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)("Due process requires that a guilty plea be a knowing and voluntary act; the defendant must be advised of and understand the consequences of the plea."). With respect to sentencing, a defendant must only know the maximum term of imprisonment and fine that he faces. *Pearson*, 910 F.2d at 223. "'As long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences.'" *Id.* (quoting *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)). A defendant must also know of the possibility of sentence enhancement based on recidivism in order to ensure that the defendant has an opportunity to timely contest the enhancement. *Id.*

The record is clear that Hall knowingly and voluntarily agreed to waive his right to challenge his conviction and his sentence on collateral review. Hall signed a plea agreement, setting forth the terms of the waiver.[20] Before accepting Hall's

---

[20] Rec. Doc. No. 280, p. 2.

9

guilty plea, the Court also explained the terms of the wavier and advised Hall of the limited grounds on which he could seek collateral review.[21] Hall represented to the Court that he understood the waiver and agreed with its terms.[22]

The record further demonstrates the validity of Hall's guilty plea. Prior to entering his guilty plea, Hall signed a plea agreement, acknowledging the mandatory minimum and maximum penalties he could he receive if he pled guilty.[23] The plea agreement further states that the penalties "reflect enhanced penalties pursuant to Title 21, United States Code, Sections [sic] 851(a) and count 4 of the superseding bill of

---

[21] Rec. Doc. No. 457, pp. 17-19.

[22] *Id.*

THE COURT: There is a waiver of appellate rights in this plea letter. I want you to understand though, although it's not in the letter, you can also challenge your conviction or sentence if you can show you received [ineffective] assistance of counsel and the claimed ineffective assistance directly affected the validity of your plea or the waiver of appeal... Otherwise, you have no right to appeal your conviction or sentence. Do you understand that?

THE DEFENDANT: Yes, sir.
...

THE COURT: Do you understand that by signing this agreement with waiver of appeal, except as I noted, that you're waiving your right to appeal your conviction and you're waiving your right to appeal your sentence, both parts of the process, do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Is that what you want to do?

THE DEFENDANT: Yes, sir.

[23] Rec. Doc. No. 280.

information."[24]

During the re-arraignment hearing, the Court advised Hall of the effect of pleading guilty to the superseding bill of information as well as the rights that he would waive by pleading guilty.[25] The Court specifically explained that a prior conviction for a felony drug offense would increase the applicable penalties, advising Hall that he faced a mandatory minimum sentence of ten years' imprisonment and maximum term of life imprisonment.[26] Hall confirmed his understanding of the possible sentences.[27] Hall further admitted to his prior

---

[24] *Id.*

[25] Rec. Doc. No. 457, pp. 11-15.

[26] *Id.* at 11-12.

THE COURT: You're also charged in Count 4 of the superseding bill of information with having a prior felony drug conviction. Title 21, United States Code, 851(a) increases your minimum and maximum penalties because of your prior conviction. Now, do you understand the charges against you and the elements of the offenses?

THE DEFENDANT: Yes, sir.

THE COURT: Accounting for your prior felony drug conviction, the maximum possible sentence which could be imposed on you for each count in the event of a conviction, either upon a plea of guilty or after a trial at which you're found guilty is: A mandatory minimum ten years imprisonment and a maximum term of life imprisonment
...

Do you fully understand that if I accept your plea of guilty that I can impose the maximum possible sentence I just related to you?

THE DEFENDANT: Yes, sir.

[27] *Id.* at p. 12. Moreover, when the Court asked Hall whether anyone, including his attorney, told him what sentence he might receive, Hall responded, "Just that it's like ten to life." *Id.* at 15-16.

11

conviction, as charged in the superseding bill of information.[28] Additionally, the Court ensured that Hall was pleading guilty of his own free will and not due to any threats or promises made by anyone.[29]

**IV. INEFFECTIVE ASSISTANCE OF COUNSEL**

Hall argues that his counsel was ineffective with respect to the sentence enhancement that he received under 21 U.S.C. §§ 841(b)(1)(B) and 851. Specifically, Hall contends that his counsel was ineffective for failing to investigate § 851 and the conviction underlying the enhancement and for failing to object to the sentence enhancement. Hall argues that his prior drug conviction cannot serve as a predicate for the § 851 sentence enhancement because his two-year prison sentence was suspended and he served only probation.[30] As such, Hall's claims relate only to alleged deficiencies at the sentencing stage and they do not survive his knowing and voluntary waiver. Notwithstanding, Hall cannot establish ineffective assistance of counsel as his legal arguments lack merit.

"The term 'felony drug offense' means an offense that is

---

[28] *Id.* at p. 28.

[29] *Id.* at p. 15.

[30] Hall appears to confuse a sentence enhancement pursuant to the sentencing guidelines with a sentence enhancement pursuant to § 851. Hall cites cases regarding enhancements pursuant to U.S.S.G. § 4A1.1. Rec. Doc. No. 449, pp. 22-23. The Court notes that Hall did not receive any criminal history points for his suspended sentence. Rec. Doc. No. 339, p. 8.

12

punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs...." 21 U.S.C. § 802(44). Hall admitted at his re-arraignment and in the signed factual basis that he was convicted of possession of cocaine in violation of Louisiana Revised Statute § 40:967C(2), an offense punishable by imprisonment of up to five years. La. Rev. Stat. § 40:967C(2). Given that § 802(44) defines "felony drug offense" as an offense that is "punishable" by a term of imprisonment of more than one year, the amount of time that Hall actually served, if any, is not relevant. *See United States v. DeJesus*, 314 Fed. App'x 386, 389 (2d Cir. 2009); *United States v. Campos*, 163 Fed. App'x 232, 234 (4th Cir. 2006)("That [defendant] was sentenced to less than one year in prison for his New Jersey conviction is immaterial, because § 802(44) refers to offenses 'punishable' by more than one year"); *see also United States v. Gamez-Ale*, 102 Fed. App'x 401, 403 (5th Cir. 2004)(explaining that the Guidelines' use of the word "punishable" "indicates that the definition of felony does not turn on the sentence a defendant actually received, but the maximum sentence that could result from a conviction for that offense."). Indeed, the Court considered Hall's argument at sentencing and properly rejected it. Moreover, the Fifth Circuit rejected Hall's argument when it dismissed his appeal as frivolous. As such, Hall cannot establish

ineffective assistance of counsel for failing to object based on a legally meritless argument.

For the foregoing reasons,

**IT IS ORDERED** that Hall's motion to vacate, set aside, and correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and that Hall's petition is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, August 13th, 2009.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**